R. E. ANDERSON & COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40878.   Promulgated June 9, 1932.

*F. D. Metzger, Esq.*, for the petitioner.
*P. A. Bayer, Esq.*, for the respondent.

**OPINION.**

Matthews: The petitioner in this proceeding, while admitting that it erred in not including in its income the rentals and profits from the sale of the real estate in question, contends that it is entitled, after setting aside a part of such amounts for dividends and reserves, to a deduction of the remainder, amounting to $1,-202.21 for 1924 and $1,094.44 for 1925, as additional compensation paid to Miller and Van Horn.

The three stockholders of the petitioner entered into a written contract, by the terms of which they were each to be paid a percentage of the profits as salaries. The evidence shows that the respondent has allowed amounts paid under this contract to be deducted in previous years as salaries and also in the taxable years. There is no controversy as to these amounts. The only contention is whether the petitioner is entitled to deduct the additional amounts

which were credited on the petitioner's books to Miller and Van Horn. The respondent contends that these amounts are not deductible, (1) since there is no evidence as to whether they were actually *paid* to the officers; (2) that such amounts did not constitute compensation, but a distribution of profits; and (3) that they were not reasonable compensation for services rendered.

On the other hand, the petitioner contends that, since these amounts were paid under the contract and according to a policy which it had followed for many years, they are deductible as reasonable compensation for services rendered, citing the case of *Gray & Co.* v. *United States*, 35 Fed. (2d) 968. With regard to this contention, it should be noted that the amounts in question were not paid under the written contract, but were credited to Miller and Van Horn under an oral agreement that Caesar should not share in the profits or be liable for losses on any investment which had been made prior to his becoming a stockholder. The amounts of the rentals and of the profit upon the sale were not carried through the petitioner's profit and loss account but were credited directly to the accounts of Miller and Van Horn. They were not included in any way in the petitioner's gross income and were not deducted either on its books or on its returns as compensation. Neither the rent nor the profit on the sale of the property was income derived by the corporation from the activities of its stockholders. The manner of handling the amounts on the books of the corporation was an informal way of carrying out the oral agreement between all the stockholders that Miller and Van Horn alone were to share in any profits from investments made prior to the time Caesar became a stockholder. It was a short-cut way of distributing certain profits to two stockholders.

Under such circumstances, it is unnecessary to consider the further contentions of the respondent. We hold that the petitioner is not entitled to the deduction claimed.

*Judgment will be entered for the respondent.*